247 F.2d 570
 101 U.S.App.D.C. 164, 101 U.S.App.D.C.
1648, 21 P.U.R.3d 281
 The RADIO STATION KFH COMPANY, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, Wichita
Television Corporation, Inc., Intervenor.
The RADIO STATION KFH COMPANY, Petitioner,
v.
UNITED STATES of America and Federal Communications
Commission, Respondents, Wichita Television
Corporation, Inc., Intervenor.
 Nos. 13272, 13307.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 25, 1957.
Decided June 27, 1957, Petition for Rehearing Denied Sept. 10, 1957.
 
 Mr. William C. Koplovitz, Washington, D.C., with whom Messrs. William J. Dempsey and Frederick H. Walton, Jr., Washington, D.C., were on the brief, for appellant in No. 13272 and petitioner in No. 13307.
 Mr. Henry Geller, Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, Richard A. Solomon, Asst. Gen. Counsel, Federl Communications Commission, and Daniel R. Ohlbaum, Counsel, Federal Communications Commission, were on the brief, for appellee in No. 13272 and respondents in No. 13307. Mr. Daniel M. Friedman, Atty., Dept. of Justice, was also on the brief for respondents in No. 13307. Mr. J. Smith Henley, Asst. Gen. Counsel, Federal Communications Commission at the time the record was filed, also entered an appearance for appellee in No. 13272.
 Mr. Bernard Koteen, Washington, D.C., with whom Mr. Alan Y. Naftalin, Washington, D.C., was on the brief, for intervenor.
 Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit judges.
 EDGERTON, Chief Judge.
 
 
 1
 After hearing three mutually exclusive applications for a television permit in Wichita, Kansas, the Commission granted that of Wichita Television Corporation, Inc. (Wichita). The Radio Station KFH Company (KFH), one of the unsuccessful applicants, is the appellant in No. 13272.
 
 
 2
 In its final decision the Commission said: 'We have considered the disputed rulings of the Examiner and herewith approve them. We have examined each of the parties' exceptions. Those that have been granted, either in whole or in part, are reflected in the following changes or modifications of the Initial Decision (see par. 2); the others, or the portions not so granted, are denied either for reasons set out in the decision, or as contrary to the record, or as requesting the inclusion of material already adequately reflected by the decision, or as lacking in the specificity required by Section 1.854, or as having no decisional significance here.'[1]
 
 
 3
 Section 8(b) of the Administrative Procedure Act provides: '* * * The record shall show the ruling upon each such finding, conclusion, or exception presented. All decisions * * * shall * * * include a statement of (1) findings and conclusions, as well as the reasons or basis therefor, upon all the material issues of fact, law, or discretion presented on the record; and (2) the appropriate rule, order, sanction, relief, or denial thereof.' 5 U.S.C.A. 1007(b). The Commission's Rule 1.857 provides: '* * * The final decision shall contain findings of fact and conclusions, as well as the reasons or basis therefor, upon all the material issues of fact, law, or discretion presented on the record; shall contain a ruling on every relevant and material exception filed and the appropriate rule or order and the sanction, relief or denial thereof.' 47 C.F.R. 1.857 (1953).
 
 
 4
 In a petition for rehearing, KFH urged that the Commission's statement of reasons was inadequate. The Commission denied the petition, quoting Petersburg Television Corporation, 10 RR 567, 584s, where the Commission had said in response to a similar contention: 'Here we point out that we carefully considered each of the parties' exceptions, that our decision reflects that consideration, and that accordingly, the procedure is consistent with all applicable laws and regulations. See N.L.R.B. v. State Center Warehouse & Cold Storage Co. (9 Cir.), 193 F.2d 156; N.L.R.B. v. Sharples Chemicals (6 Cir.), 209 F.2d 645.'
 
 
 5
 In the State Center case the Ninth Circuit found that the Board's decision 'unmistakably informed respondent of its rulings on exceptions.' 193 F.2d at page 158. In the Sharples case the Sixth Circuit said: '* * * considering the findings eventually made by the Board, the issues involved, and the detailed nature of the proposed findings which were rejected by the Board, we are of the view that the Board indicated to us its reason for each ruling with enough particularity to enable us to satisfactorily review it.' 209 F.2d at page 653. The record in Colonial Television, Inc. v. Federal Communications Commission showed, though this court's opinion did not, that the Commission made its position clear on all the appellant's major contentions. We found that there was no 'denial of procedural due process.' 95 U.S.App.D.C. 7, 8, 217 F.2d 21, 22.
 
 
 6
 Though a specific ruling on each minor exception is not indispensable, the parties and the court should not be left to guess, with respect to any material issue, or to any group of minor matters that may have cumulative significance, which of several alternatives the Commission had in mind. It should make the basis of its action reasonably clear. We cannot find that it did so here. Its statement of reasons comes to little more than this: For one reason or another, all the exceptions not granted are overruled. This court must therefore remand the case to the Commission. Baltimore & O.R. Co. v. United States, 3 Cir., 201 F.2d 795, 797-800; State Corp. Commission of Kan. v. Federal Power Commission, 8 Cir., 206 F.2d 690, 723.
 
 
 7
 Appellant says the Commission erred in denying a rehearing and in denying leave to show by affidavits that in the first months of operation Wichita failed to perform what it had promised. Commission counsel argue that only interim operation was involved, but the record does not make it clear that this was the theory on which the Commission refused to reopen the hearing. We think it should clarify its ruling in this respect.[2]
 
 
 8
 In No. 13307, KFH asks review under 402(a) of the Communications Act[3] of the Commission's order granting Wichita an extension of time to complete its station. But this extension modified Wichita's construction permit within the meaning of 402(b)(2) and is therefore reviewable only under 402(b)(6).
 
 
 9
 No. 13272 remanded.
 
 
 10
 No. 13307 dismissed.
 
 
 
 [1]
 In Albertson v. Federal Communications Commission, 100 U.S.App.D.C. 103, 243 F.2d 209, the Commission had used this formula, but the point had not been raised in a petition for rehearing and this court therefore had no jurisdiction to decide it
 
 
 [2]
 It was within the Commission's authority to reopen the hearing. Enterprise Co. v. Federal Communications Commission, 97 U.S.App.D.C. 374, 231 F.2d 708, certiorari denied, Beaumont Broadcasting Corp. v. Enterprise Co., 351 U.S. 920, 76 S.Ct. 711, 100 L.Ed. 1451; W. S. Butterfield Theatres, Inc. v. Federal Communications Commission, 99 U.S.App.D.C. 71, 237 F.2d 552; McClatchy Broadcasting Co. v. Federal Communications Commission, 99 U.S.App.D.C. 199, 239 F.2d 19, certiorari denied, 353 U.S. 918, 77 S.Ct. 662, 1 L.Ed.2d 665, rehearing denied, 353 U.S. 952, 77 S.Ct. 858, 1 L.Ed.2d 860
 
 
 [3]
 48 Stat. 926 (1934) as amended, 47 U.S.C.A. 402(a)