COMMONWEALTH of PUERTO RICO, Petitioner,

v.

FEDERAL MARITIME BOARD and United States of America, Respondents,

United States Atlantic & Gulf-Puerto Rico Conference, et al., Waterman Steamship Corporation and Waterman Steamship Corporation of Puerto Rico, Intervenors.

UNITED STATES ATLANTIC & GULF-PUERTO RICO CONFERENCE, et al., Petitioners,

v.

FEDERAL MARITIME BOARD and United States of America, Respondents,

The Commonwealth of Puerto Rico, Intervenor.

Nos. 15846, 15847.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 6, 1960.

Decided Feb. 23, 1961.

**420**

Mr. William D. Rogers, Washington, D. C., for petitioner in No. 15846. Mr. George Bunn, Washington, D. C., also entered an appearance for petitioner in No. 15846.

Mr. Mark P. Schlefer, Washington, D. C., with whom Mr. T. S. L. Perlman, Washington, D. C., was on the brief, for petitioner in No. 15847.

Mr. Edward Aptaker, Asst. Gen. Counsel, Federal Maritime Bd., with whom Messrs. James L. Pimper, Gen. Counsel, and Robert E. Mitchell, Asst. Gen. Counsel, were on the brief, for respondent Federal Maritime Bd.

Mr. Henry Geller, Atty., Dept. of Justice, with whom Mr. Richard A. Solomon, Atty., Dept. of Justice, was on a statement filed in behalf of respondent United States of America.

Messrs. Warren Price, Jr., Washington, D. C., and Sterling F. Stoudenmire, Jr., Mobile, Ala., were on the brief for intervenors Waterman Steamship Corp.

and Waterman Steamship Corp. of Puerto Rico in No. 15846.

Before EDGERTON, PRETTYMAN and BASTIAN, Circuit Judges.

PER CURIAM.

We are asked to review a Federal Maritime Board ruling of April 28, 1960, that certain large rate increases for carriage of cargo between Puerto Rico and ports on the Atlantic and Gulf coasts of the United States are just and reasonable.[1]

In a report which accompanied its order the Board said: "We find that value of the vessels on the domestic market at or about the time the rate increase is requested with adjustments to eliminate short term peaks in vessel values, is the proper method for determining the reasonable value of the property being used for the public." The Board did not say why it adopted market value as a rate base or why it rejected Puerto Rico's contention that this base is grossly excessive and rates should be based on prudent investment less depreciation.

The Department of Justice urges on behalf of the United States that the rate base question cannot be resolved on the present record. We agree. The Administrative Procedure Act requires all decisions to state not only findings and conclusions but also "the reasons or basis therefor, upon all the material issues of fact, law or discretion presented on the record * * *." § 8(b), 5 U.S. C.A. § 1007(b). The Board "should make the basis of its action reasonably clear. We cannot find that it did so here." Radio Station KFH Co. v. Federal Communications Commission, 101 U.S.App. D.C. 164, 166, 247 F.2d 570, 572; Pacific Far East Line, Inc. v. Federal Maritime Board, 107 U.S.App.D.C. 155, 275 F.2d 184. Cf. Secretary of Agriculture v. United States, 347 U.S. 645, 654, 74 S. Ct. 826, 98 L.Ed. 1015.

---

1. The Board acted under § 18 of the Shipping Act, 1916, c. 451, 39 Stat. 735, as amended, 46 U.S.C.A. §§ 801, 817, and § 3 of the Intercoastal Shipping Act, 1933, c. 199, 47 Stat. 1426, as amended, 46 U.S.C.A. §§ 843, 845. This proceeding for review is brought under the Judicial Review Act of 1950, c. 1189, 64 Stat. 1129, as amended, 5 U.S.C.A. § 1031 et seq.

The Board's order is therefore vacated and the case remanded for the Board to reconsider and clarify the rate base question. The Board should also pass upon the Commonwealth's argument that it is not fair to rate payers to let an accumulated depreciation reserve be depleted and depreciation charges thereby increased.

The motion to dismiss Puerto Rico's petition for review in No. 15846 is denied. Puerto Rico's motion to dismiss the petition for review in No. 15847 is granted.

Vacated and remanded.